■ BENJAMIN COOPER, Respondent, v TALLER & COOPER, INC., Appellant.— Judgment, Supreme Court, New York County, entered on April 9, 1973, in favor of plaintiff, after a trial before Chimera, J., and a jury and order entered on January 16, 1974 modifying that judgment, affirmed, with $60 costs and disbursements to respondent, A reading of the testimony of the witness, Loewengart, leads one to the inevitable conclusion that this was a reluctant witness, obviously not ready to abide by his oath to answer questions truthfully. Starting at page 292 of the record and reading through page 304, at which point the witness was declared to be hostile, he continuously sparred with plaintiff's counsel in answering questions. On a number of occasions counsel attempted to elicit the details of a conversation in which the witness took part with a Mr. Hohman and Mr. Levitt, with reference to the preparation of specifications which were to be submitted to the plaintiff. He gave his answers piecemeal. The witness went so far as to indicate uncertainty as to whether he had, or had not, personally typed a statement for plaintiff's counsel, concerning the conversation which was the subject of the examination, and which statement counsel exhibited to him on the stand. There is the following: "Q. Mr. Loewengart, did you prepare a statement for me concerning the events of the November 1967 conversation? * * * Yes or no? THE WITNESS: We had discussed some of these things previously at the office, yes. Q. Did you type up, you, yourself, personally, type up the statement of the events that took place at that November, 1967 meeting? A. *Possibly.* Q. You have a definite recollection that you did, don't you? MR. CALDERON: I object to the question as not proper direct examination, your Honor. THE COURT: I assume that this is on the basis of trying to show that this witness is a hostile witness. MR. KATZ: Yes, it is, your Honor. THE COURT: Why don't you confront him with the statement and ask him if that's the statement he prepared, if that is a statement. Q. I show you this paper and ask you if this is a photocopy of the statement you prepared? * * * A. Yes. Q. Is that an accurate statement of the events that took place in the conversation of November 1967? A. *I think so.*" (Emphasis added.) It must be noted that the statement was not admitted into evidence, it was read by the witness to himself, when he then stated that it refreshed his recollection and continued to testify from his recollection revived. The fact that the statement was not signed by the witness, as required by CPLR

4514, is immaterial. In this connection the following quotation, appearing in Weinstein—Korn—Miller, New York Civil Practice (Weinstein—Korn—Miller, vol. 5, par 4514.03) is particularly pertinent. "While the common law forbade impeachment of 'a party's own witness whether by inconsistent statements or by an attack on character,' other methods of indirect impeachment existed and continue to exist. Thus, for example, the prior statement — whether or not it complies with CPLR 4514 may be used to refresh a witness' memory." Frankly, under the circumstances disclosed in this record, we can see no reason to interfere with the trial court's determination with regard, to the examination of the witness, Loewengart. Such issue was addressed solely to the court's discretion. Accordingly, the majority would affirm the judgment and order appealed from. Concur—Kupferman, Lupiano, Tilzer and Capozzoli, JJ.: Stevens, P. J., dissents in the following memorandum: I dissent and vote to reverse the judgment entered April 9, 1973, in New York County, after a jury trial, and the order entered January 16, 1974, modifying such judgment, and to order a new trial. This is an action for damages arising out of an alleged breach by defendant of a contract of employment between plaintiff and defendant. During the course of the trial plaintiff called as a witness Harry R. Loewengart, formerly employed by defendant as chief electrical engineer, but who had severed his connection with defendant in 1968, and, at the time of trial was employed as a project engineer for the New Jersey Turnpike Authority. The witness was questioned about conversations had in 1967 with Irving Levitt, then defendant's general manager, and Albert Hohmann, defendant's vice-president of development, with respect to plaintiff. Reference was made to a statement typed, but not signed by the witness which the witness had prepared for plaintiff's counsel with respect to a conversation had with Mr. Levitt in November, 1967. Over objection, plaintiff's counsel was permitted to use the statement ostensibly to refresh the witness' recollection, before it appeared that the recollection of the witness had been exhausted. Counsel was permitted to ask leading questions and, after the trial court, on a clearly insubstantial basis, declared Loewengart a hostile witness, to cross-examine him. It appears that plaintiff's counsel sought to impeach his witness on direct examination both by use of the statement and by reference to oral statements made by the witness to counsel in counsel's office at some time prior to the trial. The feasibility of the specifications prepared by Loewengart was recognized by all witnesses including plaintiff, but the interrogation sought to portray the creation of a situation in which plaintiff could not possibly fulfill his contractual obligations. Since the statement prepared by Loewengart was neither made under oath nor subscribed by him, and was never received in evidence, its permitted use for impeachment purposes was error warranting reversal. (CPLR 4514.)